**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYNERDO J. JONES | : | |
| | : | |
| Appellant | : | No. 1732 EDA 2018 |

Appeal from the Judgment of Sentence April 25, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003864-2017

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:               **FILED FEBRUARY 12, 2019**

Appellant, Raynerdo J. Jones, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for first-degree murder, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and possessing instruments of crime.[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

> WAS THE JURY'S VERDICT AGAINST THE WEIGHT OF THE EVIDENCE IN LIGHT OF THE OBVIOUS CONFLICTS IN TESTIMONY OF WITNESSES BETTIE CUFFEE AND GLORIA MCCLOUD?

---

[1] 18 Pa.C.S.A. §§ 2502(a); 6106; 6108; 907, respectively.

DID THE [TRIAL] COURT ERR IN FAILING TO SUPPRESS THE IN-COURT IDENTIFICATION OF COMMONWEALTH WITNESS ISRAE [GILLIARD]?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Barbara A. McDermott, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed August 8, 2018, at 6-10) (finding: **(1)** regardless of any discrepancy in testimony, video recording showed Appellant wielding firearm at scene of shooting and 911 calls identified Appellant as shooter based on his distinctive facial tattoos; witness McCloud observed Appellant on block and heard him argue with witness Cuffee moments before shooting; witness McCloud did not testify to seeing any other potential suspects on her block in moments before shooting; both witnesses, Cuffee and McCloud, testified Decedent was on porch few minutes before he was shot; Appellant did not raise self-defense claim at trial, so purported inconsistency in testimony regarding crossbow was immaterial; jury determined credibility and returned with guilty verdict; verdict was not against weight of evidence; **(2)** witness Gilliard had independent basis for her in-court identification of Appellant; she engaged in conversation with Appellant to demand argument be moved elsewhere; she observed Appellant at one point directly in front of her home; even though single photograph procedure was

ruled unduly suggestive, witness Gilliard's in-court identification of Appellant

was sound).  Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/19